**Louis GRAMMAR, Appellant,**

v.

**BUILDERS BRICK & STONE COMPANY,**
a Corporation, Appellee.

No. 12821.

Court of Civil Appeals of Texas.

San Antonio.

March 23, 1955.

Guy Bonham, San Antonio, for appellant.

Roemer & Rutland, San Antonio, for appellee.

NORVELL, Justice.

This is an appeal from a county court judgment rendered in favor of appellee and against appellant for the sum of $301.64. The trial judge upon request filed full and complete findings of fact and conclusions of law. Appellee attacks a number of these findings as being without support in the evidence. Certain findings relate to the history of the controversy and are not deemed controlling. Such facts as are mentioned in this opinion have support in the evidence and appellant's points asserting the contrary are overruled. The controlling issue presented by this appeal relates to the applicability of the statute of frauds to the agreement sued upon. Article 3995, § 2, Vernon's Ann.Tex.Civ.Stats.

Marvin J. Cooper, a masonry contractor, was engaged in the construction of houses upon lands owned by appellant, Louis Grammar. He secured certain building materials from appellee, Builders Brick & Stone Company. The account became delinquent and appellee prepared to file a materialman's lien against appellant's property. Upon learning of this contemplated action, appellant called at appellee's place of business and talked with Miss Hope Lindsay, the office manager of Builders Brick and Stone Company, who served as secretary to the general manager, Walter L. Cornelius. Grammar told Miss Lindsay that if no lien were filed, he would pay the account.

Further negotiations between Grammar and appellee's attorney finally resulted in an agreement whereby Grammar agreed to pay the balance of the Cooper account, provided no lien was filed affecting his property and a ten per cent discount was allowed. No lien was filed, but appellant has failed to pay the account, which when discounted, according to the agreement, amounted to $301.64, for which sum judgment was rendered, upon the conclusions of the trial court that:

1. Appellant had agreed to pay off the Cooper indebtedness in consideration of appellee's not filing its statutory lien.

2. The primary objective to be accomplished by appellant's promise was to induce appellee to forego the filing of a statutory lien against property owned by appellant.

3. The oral agreement between appellant and appellee was an original rather than a collateral undertaking, which was supported by a valid consideration and hence not within the statute of frauds.

The conclusions of the trial judge are supported by his fact findings, which in turn are supported by sufficient evidence. We have had occasion to examine at length the matter of original and collateral agreements with reference to Section 2 of the statute of frauds, Article 3995, and need not extend this opinion further than to call attention to Shahan-Taylor Co. v. Foremost Dairies, Tex.Civ.App., 233 S.W.2d 885, and the authorities therein cited.

The judgment is affirmed.